IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 2 3 2012

PER _____
DEPUTY CLERK

DOUGLASS BOYD,                        :
          Plaintiff                   :
                                      :          CIVIL ACTION NO. 3:11-1133
          v.                          :
                                      :          (JUDGE NEALON)
MICHAEL J. ASTRUE,                    :
Commissioner of Social Security,      :          (MAGISTRATE JUDGE SMYSER)
          Defendant                   :

## MEMORANDUM

On June 14, 2011, Plaintiff, Douglass Boyd, filed a complaint seeking review of the dismissal of his application for disability insurance benefits ("DIB"). (Doc. 1). A Report was issued by United States Magistrate Judge J. Andrew Smyser on January 31, 2012 recommending that Plaintiff's appeal be denied. (Doc. 8). Plaintiff filed objections to the Report and Recommendation ("R&R") on February 13, 2012 and Defendant filed a response on February 23, 2012. (Docs. 9, 10, 11). The matter is ripe for disposition and, for the reasons set forth below, the R&R will be adopted.

### Standard of Review

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S.

Ct. 2406, 65 L. Ed. 2d 424 (1980); <u>Goney</u>, 749 F.2d at 7.  When no objections are made to a

report, the district court is not statutorily required to review the magistrate judge's factual or legal

conclusions under a <u>de novo</u> or any other standard.  <u>Thomas v. Arn</u>, 474 U.S. 140, 149, 106 S.

Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Peter v. Wynder</u>, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D.

Pa. 2008) (Jones, J.).


## Background

Plaintiff filed an application for disability insurance benefits on May 12, 2009, alleging

disability since July 9, 2008, due to rheumatoid arthritis, migraine headaches and obesity.  (Tr.

13).  After his request for benefits was denied at the initial level, Plaintiff filed a request for a

hearing before an Administrative Law Judge ("ALJ").  (Tr. 104-112).  A hearing was held before

ALJ Hortensia Haaversen on September 2, 2010.  (Tr. 74-101).  The ALJ issued a decision on

September 20, 2010 denying Plaintiff benefits.  (Tr. 10-23).  Plaintiff then requested review by

the Appeals Council, which denied his request, making the decision of the ALJ final.  (Tr. 1-4).

The instant appeal followed.  (Doc. 1).

On October 10, 2011, Plaintiff filed a brief in support of his appeal.  (Doc. 4).  The

Commissioner filed an opposing brief on December 12, 2011.  (Doc. 7).  The Magistrate Judge

issued a Report on January 31, 2012 recommending that the appeal be denied.  (Doc. 8).  Plaintiff

filed timely objections to the R&R on February 13, 2012 and Defendant filed a response on

February 23, 2012.  (Docs. 9, 10, 11).

**Disability Determination Process**

      The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. See 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows: (1) Is the individual engaging in substantial gainful activity? (2) Does the individual have a severe impairment? (3) Does the individual have an impairment which meets or equals the Listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1? (4) Does the individual retain the residual functional capacity ("RFC") to engage in his past relevant work? and (5) If an individual does not have the capacity to engage in his past work, does he retain the capacity to perform jobs which exist in significant numbers in the national economy? See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

      Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. The residual functional capacity assessment must include a discussion of the individual's abilities. Id.; 20 C.F.R. §§ 404.1545 and 416.945; Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

      The disability determination involves shifting burdens of proof. Mason v. Shalala, 994 F.2d 1058, 1063-64 (3d Cir. 1993). The initial burden rests with the claimant to demonstrate that

he is unable to engage in his past relevant work. Id. at 1064.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  Id.


**Discussion**

The ALJ proceeded through each step of the sequential evaluation process and determined that Plaintiff was not disabled. (Tr. 13-23).  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity at any time since July 9, 2008, the alleged disability onset date. (Tr. 15).  At steps two and three, the ALJ found that Plaintiff suffered from the severe impairments of obesity, rheumatoid arthritis and migraines, but he did not have an impairment or combination of impairments that met or medically equaled the Listing requirements. (Tr. 16-17).  At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform less than the full range of light work. (Tr. 17-21).  The ALJ determined that Plaintiff is unable to perform any of his past relevant work, but there are a significant number of jobs in the national economy that Plaintiff can perform. (Tr. 21-23). Plaintiff was therefore found to be not disabled within the meaning of the Social Security Regulations. (Tr. 23).  Plaintiff sought review of the ALJ's decision; however, the Appeals Council denied review and Plaintiff appealed to this Court. (Tr. 1-4).  In the Report and Recommendation, the Magistrate Judge determined that there is substantial evidence supporting the ALJ's decision. (Doc. 8).

This Court notes that Plaintiff's objections restate, word for word, the arguments raised in his initial brief. (Docs. 4, 10).  See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004)

(overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008).  Upon review, there is no clear error in the Report and Recommendation and it will be adopted.  See Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).  Nevertheless, this Court will conduct an independent examination.  Accord Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process").

Plaintiff's first objection to the R&R is that the ALJ erred by failing to find that he met the requirements of Listing 14.09, Inflammatory Arthritis.[1]  (Doc. 10, pgs. 6-8).  Defendant

---

[1] Listing 14.09, Inflammatory Arthritis, provides in part as follows:

A.    Persistent inflammation or persistent deformity of:
1.    One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6); or
2.    One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively (as defined in 14.00C7).
or
B.    Inflammation or deformity in one or more major peripheral joints with:
1.    Involvement of two or more organs/ body systems with one of the organs/ body systems involved to at least a moderate level of severity; and
2.    At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
or
C.    Ankylosing spondylitis or other spondyloarthropathies, with:
1.    Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 45° or

asserts that Plaintiff did not meet all of the Listing requirements. (Doc. 11, pgs. 1-6). Specifically, the evidence did not reveal that Plaintiff had persistent inflammation and deformity in two major joints and Plaintiff did not demonstrate the inability to ambulate effectively. (Doc. 11, pgs. 1-6). Medical records state that Plaintiff did not use any assistive device to ambulate. (Doc. 11, pg. 4). At the ALJ hearing, Plaintiff testified that he uses a knee brace. (Tr. 83). The Magistrate Judge determined that Plaintiff did not show that he meets or equals the Listing requirements. (Doc. 8, pgs. 14-17). Specifically, the Magistrate Judge noted that the ALJ found that Plaintiff is not unable to ambulate effectively. (Doc. 8, pgs. 14-15). The Magistrate Judge stated that it was not sufficient for Plaintiff to merely indicate that he has pain in his knees, uses knee braces and walks slowly. (Doc. 8, pg. 14). Upon review, the Magistrate Judge has not erred.

The Court notes that Plaintiff has the burden of proving that he meets each of the requirements of a Listing. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Examples of the

---

more of flexion from the vertical position (zero degrees); or
2.    Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 30° or more of flexion (but less than 45°) measured from the vertical position (zero degrees), and involvement of two or more organs/ body systems with one of the organs/ body systems involved to at least a moderate level of severity.

or
D.    Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
1.    Limitation of activities of daily living.
2.    Limitation in maintaining social functioning.
3.    Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09.

inability to ambulate effectively include "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single handrail." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(2). Plaintiff did not demonstrate such limitations. Even if Plaintiff had shown some difficulty ambulating, an impairment that manifests only some of the criteria of a Listing does not qualify. See Sullivan, 493 U.S. at 530. Accordingly, Plaintiff's first objection will be overruled.

Plaintiff's next objection to the R&R is that substantial evidence supports a finding that he has the residual functional capacity for less than the full range of sedentary work. (Doc. 10, pgs. 9-10).

In Burnett v. Commissioner of Social Security, 220 F.3d 112 (3d Cir. 2000), the Court of Appeals for the Third Circuit stated,

> In making a residual functional capacity determination, the ALJ must consider all evidence before him... Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence. ... In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.

Id. at 121 (internal citations and quotations omitted). RFC refers to what a plaintiff can do despite his limitations. 20 C.F.R. § 404.1545(a). In determining the plaintiff's RFC, the ALJ must consider all relevant evidence, including the medical evidence of record and the plaintiff's subjective complaints. 20 C.F.R. § 404.1545(a). At the hearing level, the responsibility for

7

determining a plaintiff's residual functional capacity is reserved for the ALJ. 20 C.F.R. §

404.1546. The final responsibility for determining the RFC is reserved for the Commissioner,

who will not give any special significance to the source of another opinion on this issue. 20

C.F.R. §§ 404.1527(e)(2), (3).

The ALJ determined that Plaintiff has the residual functional capacity to perform less

than the full range of light work. (Tr. 17); (Doc. 8, pg. 17). The Magistrate Judge stated that

Plaintiff incorrectly argues that, in order for an ALJ to find a plaintiff not disabled, he must be

able to perform a full range of work. (Doc. 8, pg. 17) (citing Doc. 4, pg. 8).

Magistrate Judge Smyser noted that Plaintiff, in the brief in support of his appeal,

incorrectly cited to a part of SSR 96-6p that refers to a case using the Medical-Vocational tables.

(Doc. 8, pg. 17). In the present matter, the ALJ did not use the Medical-Vocational tables. (Tr.

13-23). At the hearing, a vocational expert considered all of Plaintiff's limitations and testified

that there are a significant number of jobs in the local and national economy that Plaintiff can

perform. (Doc. 8, pg. 18) (Tr. 96-100). Upon review, the Magistrate Judge has not erred in

determining that Plaintiff's second argument lacks merit.

A separate Order will be issued.

**Date:** April 23, 2012

**United States District Judge**